UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
RONALD V.G.,

                         Plaintiff,          <u>DECISION AND ORDER</u>
                                             1:22-cv-00702-GRJ

          v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

        In January of 2019, Plaintiff Ronald V.G.[1] applied for Disability

Insurance Benefits and Supplemental Security Income benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications.  Plaintiff, represented by Olinsky Law Group, Howard David

Olinsky, Esq., of counsel, commenced this action seeking judicial review of

the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383

(c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 11).

        This case was referred to the undersigned on March 17, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 12, 14). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on January 2, 2019, alleging disability beginning July 15, 2017.[2] (T at 63-64, 77-78, 91-92).[3]  Plaintiff's applications were denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on February 25, 2020, before ALJ Kimberly Schiro. (T at 24-56). Plaintiff appeared with an attorney and testified. (T at 32-55).

### B.    *ALJ's Decision*

On August 3, 2020, the ALJ issued a decision denying the applications for benefits. (T at 7-23).  The ALJ found that Plaintiff did not engage in substantial gainful activity between July 15, 2017, and September 5, 2019 (the closed period of alleged disability) and meets the

---

[2] Plaintiff later amended his applications to seek a closed period of disability from July 15, 2017, through September 5, 2019. (T at 28).

[3] Citations to "T" refer to the administrative record transcript at Docket No. 9.

insured status requirements of the Social Security Act through December 31, 2022. (T at 13).

The ALJ concluded that Plaintiff's traumatic brain injury (status post craniotomy); headaches; major depressive disorder; and neurocognitive disorder were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

The ALJ determined that, within one year from the alleged onset date and through the end of the closed period of alleged disability, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he could perform simple, routine tasks; could not climb ladders, ropes, or scaffolds, or work around hazards (i.e., moving mechanical parts or unprotected heights); could occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and crawl; needed a cane for ambulation, but could carry small objects in his free hand; and could have occasional contact with coworkers and supervisors, but no direct work-related contact with the public. (T at 14).

The ALJ concluded that there was insufficient evidence to properly assess Plaintiff's past relevant work. (T at 17-18).

However, considering Plaintiff's age (27 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed during the closed period of alleged disability. (T at 18).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits. (T at 19).  On November 26, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-4).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on January 27, 2022. (Docket No. 1).  On August 19, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 12, 13).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on October 18, 2022. (Docket No. 14, 15).  On November 8, 2021,

Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 16).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for

reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's

assessment of the medical opinion evidence was flawed.  Second, he

challenges the ALJ's credibility determination.  This Court will address both

arguments in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical

opinion in determining whether a claimant is disabled under the [Social

Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§

404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated

new regulations regarding the consideration of medical opinion evidence.

The revised regulations apply to claims filed on or after March 27, 2017.

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff's applications for benefits

were filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical

opinions," but rather considers all medical opinions and "evaluate[s] their

persuasiveness" based on supportability, consistency, relationship with the

claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a),

(b)(2).   The ALJ is required to "articulate how [he or she] considered the

medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and
supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent
with evidence from other medical sources and non-medical sources." *Dany
Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. §
416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence
from other medical sources and nonmedical sources," the "more
persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is
supported by relevant objective medical evidence and the medical source's
supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more
relevant the objective medical evidence and supporting explanations
presented by a medical source are to support his or her medical opinion(s)
or prior administrative medical finding(s), the more persuasive the medical
opinions or prior administrative medical finding(s) will be." 20 C.F.R. §
404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Jose Cabassa, Plaintiff's treating neurologist,
completed a mental residual functional capacity assessment in November
of 2018.  Dr. Cabassa diagnosed traumatic brain injury and chronic

9

traumatic encephalopathy. (T at 420).  He characterized Plaintiff's prognosis as "guarded." (T at 4200.

Dr. Cabassa assessed marked limitation in Plaintiff's ability to remember work-like procedures, maintain attention and concentration for extended periods, and make simple work-related decisions. (T at 420).  He opined that Plaintiff had marked limitation in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (T at 421).

Dr. Cabassa believed Plaintiff was likely to be absent from work as a result of his impairments or treatment more than 3 times per month. (T at 421).

The ALJ found Dr. Cabassa's assessment of marked limitations unpersuasive. (T at 17).  In particular, the ALJ concluded that Dr. Cabassa's very restrictive opinion regarding Plaintiff's understanding, memory, and concentration was not supported by the record, including Dr. Cabassa's treatment notes.  (T at 17).

Although the notes do document some level of impairment, the ALJ reasonably read the record as not supporting the marked limitations indicated by Dr. Cabassa.

For example, in November of 2018, Plaintiff's memory and concentration were described as "affected but stable, without interim episodes of confusion or psychosis." (T at 1122).  He was experiencing "residual mild cognitive impairment." (T at 1122).

In February of 2019, Plaintiff was "forgetful," but demonstrated good attention and concentration throughout his visit with Dr. Cabassa and reported "mild cognitive complaints." (T at 1125-26).

Treatment notes from April of 2019 (T at 1128), July of 2019 (T at 1130-31), and November of 2019 (T at 1134-35) document similar findings of generally mild symptoms, with the ability to demonstrate intact memory and concentration during mental status examinations.

Notably, the ALJ did not reject Dr. Cabassa's assessment wholesale and, in fact, incorporated several significant limitations in the RFC determination that account for the impairment in Plaintiff's mental functioning during the relevant period.  In particular, the ALJ found Plaintiff limited to simple, routine tasks involving no contact with the public and only occasional contact with co-workers and supervisors. (T at 14).

The ALJ reasonably reconciled the evidence and concluded that the more extreme aspects of Dr. Cabassa's opinion were not supported by the record. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED),

2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ's decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); *McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others).

The ALJ also found Dr. Cabassa's extreme limitations inconsistent with other medical opinion evidence of record. (T at 17).

Dr. Seth Sebold performed a consultative psychiatric evaluation in March of 2019. Plaintiff demonstrated coherent and goal-directed thought processes; appropriate affect and orientation; intact attention and concentration (although he was unable to complete a "serial 7s" task); mildly impaired memory; average cognitive functioning; and good insight and judgment. (T at 431).

Dr. Sebold diagnosed unspecified depressive disorder and rule out mild neurocognitive disorder. (T at 432).  He assessed no limitation in Plaintiff's ability to understand, remember, or apply simple directions and instructions; mild limitation in understanding, remembering, or applying complex directions and instructions; no limitation with respect to using reasoning and judgment to make work-related decisions; mild impairment in interacting adequately with supervisors, co-workers, and the public; mild to moderate limitation in sustaining concentration and performing a task at a consistent pace; and mild impairment with regard to regulating emotions, controlling behavior, and maintaining well-being. (T at 432).

In March of 2019, Dr. D. Brown, a non-examining State Agency review physician, assessed no significant limitation in Plaintiff's understanding and memory; moderate impairment in Plaintiff's ability to carry out detailed instructions and complete a normal workday and workweek; moderate limitation with respect to accepting instructions and responding appropriately to criticism from supervisors; and moderate impairment in the ability to set realistic goals or make plans independently of others. (T at 73-74).  Dr. Brown opined that Plaintiff was "limited to simple, unskilled work." (T at 74).

In May of 2019, Dr. M. D'Ortonoa, another State Agency review consultant, assessed mild limitation in Plaintiff's ability to understand, remember, or apply information; moderate impairment in social interaction; moderate limitation with respect to concentration, persistence, and pace; and mild impairment in adapting or managing himself. (T at 99). Dr. D'Ortonoa opined that Plaintiff was limited to simple, unskilled work. (T at 103-105).

The ALJ found Plaintiff somewhat more limited than the assessments of Drs. Sebold, Brown, and D'Ortonoa, but not as severely impaired as the opinion of Dr. Cabassa. (T at 16-17).

Plaintiff's challenge to the ALJ's consideration of the medical opinion evidence relies on an alternative, more restrictive reading of the record and on complaints about the way the ALJ explained her analysis.

ALJs, however, are not required to "reconcile every conflicting shred of medical testimony," *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981). Here, the ALJ discussed the evidence and factors "crucial" to the disability determination with "sufficient specificity to enable [this Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)(citing *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983)).

14

Moreover, when the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

The ALJ may (as she did here) reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted).

"The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

In sum, as discussed above, the question is not whether Plaintiff's ability to work was limited during the relevant period by his impairments, but to what extent.  The ALJ's reconciliation of the competing opinion evidence was adequately explained and sufficiently supported and must therefore be sustained under the deferential standard of review applicable here.

### B.    Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's

reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: He was 29 years old on the date of the administrative hearing and lived in an apartment with his mother, stepfather, and younger brother. (T at 32).  He struggles with headaches. (T at 35, 40).  He needed a cane in 2017 and 2018, but no longer does, although he still has residual balance problems. (T at 35, 42-44, 51).  His left upper extremity is weaker. (T at 36).  Back and neck pain were issues during the relevant period. (T at 52).

Plaintiff spends most of time with his family, who help him with "[e]verything." (T at 44).  He plays video games as a hobby. (T at 45).  Sleep problems persist. (T at 48-49).  He was irritable, depressed, and anxious during the relevant period. (T at 50, 54-55).  He also experienced problems with concentration and memory. (T at 52-53).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 16).

For the following reasons, this Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record.  (T at 16-17).  As discussed above, this was a reasonable reading of the record, which documents show generally mild cognitive symptoms, with the ability to demonstrate intact memory and concentration during mental status examinations. (T at 1122, 1125-26, 1128, 1130-31, 1134-35).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ found Plaintiff's complaints of disabling pain and limitation inconsistent with the medical opinion evidence. (T at 16-17).  As discussed above, the ALJ reviewed the medical opinion evidence and reached a determination supported by a reasonable reading of the record and appropriate reconciliation of the various assessments. *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The

"ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."); *DeJesus v. Colvin,* 12 Civ. 7354, 2014 U.S. Dist. LEXIS 22238, at *63 (S.D.N.Y. Jan. 23, 2014) ("[T]he ALJ properly chose to give little weight to [claimant's] unsupported complaints and claims given that he analyzed them in light of the objective medical evidence in the record."); *see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).

There is no question that Plaintiff suffered from pain and limitation during the closed period of alleged disability. The ALJ did not dismiss Plaintiff's subjective complaints and, in fact, found him limited to a reduced range of sedentary work. (T at 14).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments and an appropriate reconciliation of the medical opinion evidence.

For these reasons, the Court concludes that this is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 21, 2023              *s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge